[Sac. No. 4896. In Bank.—April 16, 1935.]

W. HEINTZSCH et al., Respondents, v. H. E. LaFRANCE et al., Appellants.

R. P. Stimmel and L. C. Smith for Appellants.

Jesse W. Carter, Glenn D. Newton and Dallas L. Barrett for Respondents.

LANGDON, J.—This is an action to recover the sum of $1,000 paid under a purported contract, after rescission thereof by plaintiffs. The defendant Johansen, a real estate

broker, acting as agent for defendants H. E. LaFrance and Alma LaFrance, his wife, entered into negotiations for the sale of an auto camp owned by Mr. and Mrs. LaFrance, to plaintiffs. The arrangement proposed was a sale of the business and movable property, comprising various kinds of equipment, and a lease of the land and buildings, at a specified rental. Plaintiffs paid the sum of $1,000 to Johansen, receiving written instruments covering the agreements of the parties, and went into possession of the premises on January 15, 1933. On February 17, 1933, plaintiffs gave notice of rescission of the lease and agreement of sale, offering to restore possession of the land and all property received, and demanding return of the sum paid by them. Defendants refused to comply with the notice and demand, and this action was commenced. The complaint set forth three causes of action, one based on fraud, the second on mistake and absence of mutual assent, and the third in the form of a common count for money had and received. The defendants Johansen and Linthicum, the real estate brokers, failed to appear, and a default judgment was entered against them. The defendants H. E. and Alma LaFrance filed an answer and cross-complaint, denying material allegations of the complaint, and seeking affirmative relief for property used and deterioration of the premises. At the trial plaintiffs abandoned their claim of fraud, and the case proceeded on the single issue of mistake resulting in a failure of mutual assent. The trial court found in their favor. Judgment was thereupon entered canceling the instruments, and restoring to plaintiffs the sum of $1,000, less $389 for rental value of the property and goods consumed by them. The defendant owners bring this appeal.

The conclusion of the lower court that the parties were never in agreement on the material elements of the lease and sale is not questioned, and the propriety of cancellation of the instruments is thus established. The main attack of the appealing defendants is on the court's finding that the reasonable rental value of the premises, for which plaintiffs were required to account, was $30 per month, for ten months, a total of $300. They assert that the undisputed evidence shows a rental value of $75 per month for the real property and $25 per month for the personal property, for eleven months and nineteen days, making a total of $1163.27,

or more than the amount plaintiffs sought to recover. This evidence, apart from the testimony of defendant H. E. LaFrance, consists merely in the statement of plaintiff W. Heintzsch that this was the value represented to him by Johansen, the real estate agent. It is true that there was no opinion evidence offered by plaintiffs as to the rental value, but there was testimony to the effect that no profits were earned through the operation of the camp. This is in some measure indicative of the value of premises and equipment, and we think it gives sufficient support to the court's finding of a value less than that set by the testimony of the owner.

The difference in the number of months arises from the fact that plaintiffs continued in possession up to the time of the judgment, January 4, 1934, a total of eleven months and nineteen days. There is nothing in the record to show why the lesser figure of ten months was chosen by the court. Plaintiffs, however, argue first that there should be no rental charge at all because there were no profits, and second, that if a charge is made, it should be only for the period prior to notice of rescission, or at most, the commencement of the action, a few months only. But the rule in this state seems to be settled that in the equitable adjustment of the rights of the parties following rescission of the contract, where the defendant is forced to restore the entire consideration received, the plaintiff must account for the value of the use of the property during the entire period of his possession. (*Elrod-Oas Home Bldg. Co.* v. *Mensor,* 120 Cal. App. 485 [8 Pac. (2d) 171] ; 25 Cal. Jur. 723, sec. 194.) It follows that additional rental for one month and eighteen days at $30 per month ($1 per day) should have been credited to defendants, which amounts to $48.

Defendants also complain that the judgment for the full amount plaintiffs sought to recover was rendered against both the agents and the principals, in spite of their motion that plaintiffs be required to elect which to hold. If this were an action on a contract made by an agent for an undisclosed principal, their attack would be justified. (*Klinger* v. *Modesto Fruit Co.,* 107 Cal. App. 97, 100 [200 Pac. 127].) But the complaint set forth a cause of action for fraud as well as one based on mistake. By their default, the agents admitted the charge of obtaining money from the plaintiffs

by fraudulent representations, and judgment against them was proper on this ground alone. (*Stirnus* v. *Adams,* 50 Cal. App. 730 [195 Pac. 955] ; *Lewis* v. *McClure,* 127 Cal. App. 439 [16 Pac. (2d) 166].) That this cause of action was not pressed at the trial is of no consequence, so far as the liability of these defaulting defendants is concerned. The judgment against the principals rests upon the sound basis that they received the money under a purported contract which, by reason of failure of mutual assent, was not binding. There is, therefore, no valid objection to the double judgment. (See generally, 14 Cal. Jur. 887, 902.) There cannot, of course, be a double satisfaction thereof.

The final point made by defendants is that the judgment is uncertain in failing to specify the time within which plaintiffs must surrender the premises and personal property. It seems obvious that an immediate transfer thereof to defendants was contemplated, and to avoid misunderstanding this may now be declared.

The judgment is modified by adding the sum of $48 to the amount recoverable by defendants H. E. and Alma LaFrance from plaintiffs, and it is further modified to require that all property ordered restored to said defendants be so restored within ten days after this judgment becomes final. As so modified, the judgment is affirmed.

Shenk, J., Waste, C. J., Preston, J., Curtis, J., Seawell, J., and Thompson, J., concurred.