[S. F. No. 21908. In Bank. July 5, 1966.]

CLARENCE HONEY, Plaintiff, Cross-defendant and Respondent, v. HENRY'S FRANCHISE LEASING CORPORATION OF AMERICA, Defendant, Cross-complainant and Appellant.

Heller, Ehrman, White & McAuliffe, John P. Borgwardt and M. Laurence Popofsky for Defendant, Cross-complainant and Appellant.

McCloskey, Wilson, Mosher & Martin, Theodore C. Carlstrom and Roger L. Mosher for Plaintiff, Cross-defendant and Respondent.

John R. Hetland as Amicus Curiae, upon the request of Chief Justice Traynor.

TRAYNOR, C. J.—In March 1962 plaintiff contracted to purchase real and personal property from defendant for $135,000. He paid $25,000 down and agreed to pay $845 per month until the total price was paid. Plaintiff made the monthly payments until February 1963. He then brought this action to rescind the contract for material misrepresentation of fact and to recover what he had paid. Defendant answered and cross-complained. It denied that plaintiff was entitled to rescission and sought to establish and foreclose a vendor's lien, to recover damages, and to quiet title. The trial court found that there was no basis for rescission and that plaintiff was in

default. It entered judgment quieting title in defendant on condition that it pay to plaintiff $16,575, the sum found to be the difference between the $33,450 plaintiff paid under the contract and the rental value of the property while it was in plaintiff's possession. Defendant appeals, contending that the trial court erred in requiring it to refund any of the payments.

Even a wilfully defaulting vendee may recover the excess of his part payments over the damages caused by his breach. (*Freedman* v. *The Rector,* 37 Cal.2d 16, 22-23 [230 P.2d 629, 31 A.L.R.2d 1]; see also *Caplan* v. *Schroeder,* 56 Cal.2d 515, 519 [15 Cal.Rptr. 145, 364 P.2d 321], and cases cited.) We agree with defendant's contention that the trial court erred in measuring its damages under this rule by the rental value of the property while plaintiff was in possession instead of by the loss of the benefit of defendant's bargain. (See Civ. Code, § 3307.)[1] Since the trial court found that the fair market value of the property at the time of the trial was $90,000, defendant contends that the difference between the contract price of $135,000 and the fair market value of the property exceeded plaintiff's part payments of $33,450.

The rule of the *Freedman* case precludes penalties and forfeitures by denying the vendor the right on the vendee's default to retain both the property and any payments that have been made in excess of the actual damages caused by the default. The *Freedman* case, however, did not restrict the right of a vendor to realize the benefit of his bargain. (See *Baffa* v. *Johnson,* 35 Cal.2d 36, 39 [216 P.2d 13]; *Barkis* v. *Scott,* 34 Cal.2d 116, 120-121 [208 P.2d 367].) Instead, it invoked the provisions of the Civil Code governing damages to determine the amount of the vendee's recovery. (37 Cal.2d at pp. 21-22.) Since section 3307 affords the vendor the benefit of his bargain on the vendee's default, defendant properly invokes it in this case.

By seeking to quiet title, defendant has not elected to rescind the contract. (*Barkis* v. *Scott,* 34 Cal.2d 116, 120-121 [208 P.2d 367], and cases cited.) When a contract is

---

[1] "The detriment caused by the breach of an agreement to purchase an estate in real property, is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him." The value of the property to the seller is ordinarily the fair market value of the property at the time of the breach. (*Royer* v. *Carter,* 37 Cal.2d 544, 548-550 [233 P.2d 539]; *Baffa* v. *Johnson,* 35 Cal.2d 36, 39-40 [216 P.2d 13]; *Employees' Participating Assn.* v. *Pine,* 91 Cal.App.2d 299, 301 [204 P.2d 965].)

rescinded or declared unenforceable because of the statute of frauds, the purpose of damages is to put the parties in the position they were in before the contract rather than to give either party the benefit of his bargain. (*Heintzsch* v. *LaFrance*, 3 Cal.2d 180, 182-183 [44 P.2d 358]; *Roberts* v. *Lebrain*, 113 Cal.App.2d 712, 716-717 [248 P.2d 810].) ▮ When a vendee has materially breached his contract, the vendor has an election to rescind or to enforce the contract. (See *Bird* v. *Kenworthy*, 43 Cal.2d 656, 660 [217 P.2d 1]; *Luz* v. *Lopes*, 55 Cal.2d 54, 61 [10 Cal.Rptr. 161, 358 P.2d 289]; *Behrendt* v. *Abraham, ante,* pp. 182, 188 [49 Cal.Rptr. 292, 410 P.2d 828].) The defaulting vendee, however, has no such election. Otherwise, the contract of sale would in effect be a lease with an option to purchase. The vendee would receive the benefit of any increase in the value of the property, and the vendor would bear the entire risk of any decrease in its value. Such protection to a defaulting vendee would go beyond that provided by anti-deficiency legislation, which places the risk of depreciation in value on the vendor only to the extent that the value of the property may decrease below the amount still owing on the contract. (Code Civ. Proc., § 580b; see *Roseleaf Corp.* v. *Chierighino*, 59 Cal.2d 35, 42 [27 Cal.Rptr. 873, 378 P.2d 97].)

Amicus curiae urges that the remedies for breaches of land-sale contracts should be reconsidered in the light of the distinct purposes such contracts serve. He points out that remedies that are appropriate for the breach of a buy-sell or marketing contract may not be appropriate for the breach of an installment contract entered into primarily as a security device. Since rules precluding forfeitures and anti-deficiency legislation have put the latter type of contracts substantially on a par in many respects with mortgages and deeds of trust, amicus curiae suggests that the law governing those security devices should be adopted with appropriate modifications in determining the remedies for breaches of installment contracts. On the vendee's breach, neither the vendee nor the vendor would have an election to rescind the contract, on the ground that rescission in effect converts a debt secured by the property into a lease of the property, a result not contemplated by either of the parties. In his view, the appropriate remedy is a judicial sale of the property, which will afford the vendor the benefit of his bargain to the extent not precluded by the prohibition against deficiency judgments (Code Civ. Proc., § 580b) and return to the vendee any excess of his part payments over the damages caused by his breach.

In the present case, however, the vendor is not seeking to rescind the contract, and neither party seeks a judicial sale of the property to fix damages. Under these circumstances it is unnecessary to consider possible alternatives to the remedy recognized in the *Barkis, Baffa,* and *Freedman* cases of quieting the vendor's title on condition that he refund the excess, if any, of the payments received over the amount necessary to give him the benefit of his bargain.

Although the trial court found that the fair market value of the property was $90,000 at the time of the trial, we cannot conclude that defendant's damages exceeded plaintiff's payments and that plaintiff is therefore entitled to no recovery. Under section 3307 the value of the property to the seller is ordinarily the market value of the property at the date of the breach. (*Royer* v. *Carter,* 37 Cal.2d 544, 549-550 [233 P.2d 539].) This rule necessarily presupposes that the vendor is free to use or dispose of the property on that date. Accordingly, if the vendee has interfered with the vendor's freedom in this respect, by retaining possession or asserting an interest in the property, the vendor may include any additional damages caused thereby in the amount necessary to give him the benefit of his bargain. (See *Royer* v. *Carter,* 37 Cal.2d 544, 550 [233 P.2d 539].) In the present case, defendant repossessed some of the property before trial, and it is impossible to determine from the record whether the value of all of the property at the time of the trial was equal to its value at the time of the breach plus any consequential damages that may have been incurred. On retrial the burden will be on plaintiff to prove the excess, if any, of his payments over the amount necessary to give defendant the benefit of his bargain. (*Baffa* v. *Johnson,* 35 Cal.2d 36, 39-40 [216 P.2d 13]; *Barkis* v. *Scott,* 34 Cal.2d 116, 120 [208 P.2d 367].)

No error appears except in the trial court's determination of the issue of damages. Accordingly, the judgment is reversed with directions to retry the issue of damages only and to enter the appropriate judgment.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

Respondent's petition for a rehearing was denied August 17, 1966.