[Civ. No. 25401.   First Dist., Div. One.   July 18, 1969.]

H. R. GANTNER et al., Plaintiffs, Cross-defendants and Respondents, v. GRACE JOHNSON, Individually and as Administratrix With the Will Annexed, etc., Defendant, Cross-complainant and Appellant.

McKenzie, Arata & Maggini and Alfred F. Maggini for Defendant, Cross-complainant and Appellant.

Anderson, McDonald & Belden and John E. McDonald for Plaintiffs, Cross-defendants and Respondents.

MOLINARI, P. J. — Defendant and cross-complainant appeals from a judgment in favor of plaintiffs after trial by the court in an action to quiet title to certain property. Plaintiffs are successors to the interest of the original sellers under a conditional sales agreement covering both real and personal property. Defendant is the personal representative of the original purchasers under the agreement.

### Statement of the Case

On June 13, 1957, H. A. Southerland and Lorene L. Southerland, his wife, entered into a written agreement with George A. Lemler, Margaret Lemler, his wife, and Helmer O. Johnson whereby the Lemlers and Johnson agreed to purchase from the Southerlands certain property in the Santa Rosa area. The property includes a bar, a motel, a restaurant and a gas station. The purchase price was $68,500 with $12,600 of this amount to be paid before September 1, 1957 and the balance to be paid in monthly installments of $700. Purchasers performed under the contract until June 1963 when they defaulted in their payments and the property was surrendered to the sellers in September 1963. No further payments have been made. At the time of the default in June 1963 the purchasers had paid a total of $42,801.24 on the principal and $25,698.76 remained due to the sellers.[1]

In the interim between the execution of the original agreement and the trial of this case, the following occurred: seller H. A. Southerland died in 1960 and seller Lorene Southerland succeeded to his interest; purchaser George Lemler died in 1961 and purchaser Margaret Lemler succeeded to his one-

---

[1]According to the conditional sales agreement, vendors were to give vendees a deed after the payment of certain sums, and vendees were to give a deed of trust and chattel mortgage in return. Apparently none of these steps were taken.

third interest in the property; Margaret Lemler died in 1962 and her pending estate has a two-thirds interest in the property; the aforementioned default began in June 1963; in September 1963 Helmer O. Johnson executed and delivered to Lorene Southerland a quitclaim deed to the real property; defendant Grace Johnson (wife of Helmer) became administratrix with the will annexed of the estate of Margaret Lemler in October 1963; Helmer O. Johnson was declared an incompetent on December 17, 1963 and Grace Johnson was appointed guardian of his estate; plaintiffs subsequently by written assignment succeeded to all of Lorene Southerland's interest in the property[2] and were in possession of the property at the time of trial.

In November 1964 plaintiffs filed their complaint to quiet title. Defendant cross-complained, alleging that a forfeiture of interests in the property would result in unjust enrichment of plaintiffs. Defendant also filed an amended cross-complaint describing the interest of Helmer O. Johnson as the community property of Grace and Helmer and seeking to void the quitclaim deed to Lorene Southerland. She also alleged individually that the quitclaim deeded community property without consideration and without her knowledge.

The trial court quieted title to the property in plaintiffs. In further disposing of the case, the trial court followed the "benefit of the bargain" rule pertaining to the breach of land sale contracts (Civ. Code, § 3307)[3] as follows: The fair market value of the property at the time of the breach in June 1963 was found to be $38,000; this sum was subtracted from the contract price of $68,500 resulting in a "benefit of the bargain" in the sum of $30,500; damages and repair costs of $9,705.65 were added to the sum of $30,500, making the total damages suffered by plaintiffs the sum of $40,205.65; the

---

[2]Apparently plaintiffs purchased the interest for the amount due under the original contract.

[3]Civil Code section 3307 provides: "The detriment caused by the breach of an agreement to purchase an estate in real property, is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him." The value of the property to the seller is ordinarily the fair market value of the property at the time of the breach. (*Royer* v. *Carter*, 37 Cal.2d 544, 548-550 [233 P.2d 539]; *Honey* v. *Henry's Franchise Leasing Corp.*, 64 Cal.2d 801, 805 [52 Cal.Rptr. 18, 415 P.2d 833].) The rule of Civil Code section 3307 may be invoked even when the transaction includes personal as well as real property. (See *Sackett* v. *Spindler*, 248 Cal. App.2d 220, 234-235 [56 Cal.Rptr. 435]; *Honey* v. *Henry's Franchise Leasing Corp., supra.*)

actual payments of $42,801.24 made by the purchasers were found to exceed the foregoing damages by $2,595.59.

The trial court then concluded that the estate of Margaret Lemler was entitled to $1,730.39, representing two-thirds of this excess amount, and that defendant Grace Johnson individually was entitled to $432.60, representing one-half of one-third of said excess amount. The trial court also concluded that Helmer O. Johnson had relinquished any rights to restitution. Other findings and conclusions are discussed below where pertinent to a consideration of defendant.'s contentions.

### Contentions

Defendant contends that the court was in error in applying the ''benefit of the bargain'' rule as the measurement of damages; and that she is entitled to a complete one-third interest in excess of payments over damages.

### Measure of Damages

Defendant argues initially that plaintiffs' predecessors in interest elected to *terminate* the agreement and consequently the proper measure of damages is the difference between amounts expended by defendant and the reasonable value of use of the property while in possession of defendant. Defendant claims that the election to terminate was manifested by plaintiffs' action to quiet title; by the assignment of the agreement to plaintiffs for consideration; by the present possession of the property by plaintiffs and obtaining of the quitclaim deed from Helmer O. Johnson. We find these contentions to be without merit.

█ It is well settled that a wilfully defaulting vendee may recover the excess of his payments over the damages caused by his breach. (*Freedman* v. *Rector etc. of St. Matthias Parish*, 37 Cal.2d 16, 22-23 [230 P.2d 629, 31 A.L.R.2d 1]; *Behrendt* v. *Abraham*, 64 Cal.2d 182, 187 [49 Cal.Rptr. 292, 410 P.2d 828]; *Branche* v. *Hetzel*, 241 Cal.App.2d 801, 807 [51 Cal.Rptr. 188].) The proper measure of damages under this rule is the loss of the vendor's bargain, and since Civil Code section 3307[4] affords the vendor the benefit of his bargain on the vendee's default, the vendor may invoke that statute. (*Honey* v. *Henry's Franchise Leasing Corp., supra*, 64 Cal.2d 801, 803.)

█ In *Honey*, the Supreme Court observed that ''When a

---

[4]Unless otherwise indicated, all statutory references hereinafter made are to the Civil Code.

vendee has materially breached his contract, the vendor has an election to rescind or to enforce the contract." (P. 804.) In the instant case the vendors and their successors have treated the agreement of sale as subsisting and have not sought rescission. Therefore, they are entitled to the benefit of the bargain as the proper measure of damages. In assessing such damages the court may include any additional damages caused by the vendee's interference with the vendor's freedom to use or dispose of the property on the date of the breach in the amount necessary to give him the benefit of his bargain.[5] (*Honey* v. *Henry's Franchise Leasing Corp., supra,* 64 Cal.2d 801, 805; see *Royer* v. *Carter, supra,* 37 Cal.2d 544, 550.)

We observe, moreover, that rescission requires that the rescinding party "Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." (§ 1691, subd. (b); see *Fleming* v. *Kagan,* 189 Cal. App.2d 791, 796 [11 Cal.Rptr. 737]; *Farina* v. *Bevilacqua,* 192 Cal.App.2d 681, 684-685 [13 Cal.Rptr. 791].) Here the record is devoid of any evidence that the vendors or their successors made or offered such restoration. Accordingly, we need not discuss whether an election to terminate the agreement was manifested in the manner contended by defendant except to observe that a vendor does not elect to rescind by bringing a quiet title action or by going into possession of the property after default by the vendee. (*Honey* v. *Henry's Franchise Leasing Corp., supra,* 64 Cal.2d at pp. 803, 805.)

Defendant relies on *Behrendt* v. *Abraham, supra,* 64 Cal.2d 182, which was decided five months prior to *Honey.* In *Behrendt* the court concluded that the reasonable rental value under the particular circumstances of that case was a permissible measure of damages where the vendor sought to quiet title against a defaulting vendee. (Pp. 187, 188.) However, we note that the question of the applicability of the "benefit of the bargain" rule was apparently neither raised nor answered in *Behrendt.*

---

[5] In the present case, the trial court allowed actual costs of repairs and taxes and *estimated* costs to put the property to use. It is not really clear from the record if these damages occurred *after* the breach, but the question is not raised on this appeal.

### The Question of Community Property

The trial court found that the one-third interest in the property which was quitclaimed by Helmer O. Johnson was actually the community property of Grace and Helmer O. Johnson. The court further found that defendant Grace Johnson did not join in executing the instrument and that the quitcalim deed was not a gift. Additionally, the court found that Helmer O. Johnson was competent to execute the deed when he signed it on or about September 5, 1963. As has been noted, the trial court then concluded that Grace Johnson was individually entitled to one-half of a one-third interest in the amount by which plaintiffs had been unjustly enriched. Defendant now contends that the quitclaim deed constituted a gift of community property and that consequently defendant Grace Johnson is entitled to have the entire interest returned to the community.

Before evaluating this contention we note, initially, that both the conditional sales agreement and the quitclaim deed were in the husband's name alone and that each involved both real and personal property. We now advert to the rules applying to transfers of community property by the husband as manager of the community property.

■ The husband has the management and control of the community personal and real property. (§§ 172 and 172a.) His management and control of the community personal property is subject only to the restriction that he may not give it away to a third party without his wife's written consent. (§ 172; *Metzger* v. *Vestal*, 2 Cal.2d 517, 522 [42 P.2d 67]; *Estate of Mendenhall*, 182 Cal.App.2d 441, 445 [6 Cal.Rptr. 45].) ■ With respect to community real property, the wife must join him in executing any conveyance (§ 172a; *Strong* v. *Strong*, 22 Cal.2d 540, 543-544 [140 P.2d 386]), the wife's joinder in such a conveyance being in legal effect an expression of her assent to the transfer by the husband. (*Riley* v. *Gordon*, 137 Cal.App. 311, 315 [30 P.2d 617].)
■ Where an unauthorized gift of community personal or real property is made by the husband the wife can set it aside during her lifetime, but is limited to the recovery of her one-half share after his death on the theory that his testamentary powers validate the gift of his half interest. (*Tyre* v. *Aetna Life Ins. Co.*, 54 Cal.2d 399, 405 [6 Cal.Rptr. 13, 353 P.2d 725]; *Britton* v. *Hammell*, 4 Cal.2d 690, 692 [52 P.2d 221].)
■ However, a deed to community real property for a valuable consideration, executed without the wife's consent,

while ineffective as to her interest, is valid and binding as to the husband's half interest. (*Heuer* v. *Heuer*, 33 Cal.2d 268, 271 [201 P.2d 385]; *Woods* v. *Bradford*, 254 Cal.App.2d 501, 505 [62 Cal.Rptr. 391].) ▮ In such a case the conveyance of the wife's one-half interest without her consent is not void, but voidable (see *Trimble* v. *Trimble*, 219 Cal. 340, 344 [26 P.2d 477]; *Horton* v. *Horton*, 115 Cal.App.2d 360, 364 [252 P.2d 397]), and where the property stands of record in the name of the husband alone, the right of the wife to institute an action to avoid the conveyance expires one year after the conveyance in question has been recorded. (§ 172a; see *Mark* v. *Title Guar. etc. Co.*, 122 Cal.App. 301, 304-310 [9 P.2d 839].) If the wife fails to take steps to avoid it within this period, it ripens into an effective conveyance of her one-half interest. (*Horton* v. *Horton, supra.*)

▮ In the instant case the trial court found that the husband did not make a gift of community property. That finding is supported by substantial evidence. Consideration is presumed from the fact that the quitclaim deed was in writing. (§ 1614; *Kennedy* v. *Lee*, 147 Cal. 596, 603 [82 P. 257]; *Allen's Collection Agency* v. *Lee*, 73 Cal.App. 68, 73 [238 P. 169].) Moreover, the deed recited a consideration of $10. ▮ Such a recital subscribed by both parties is a statement or admission of the parties that such was the consideration and is prima facie evidence of that effect. (*Podesta* v. *Mehrten*, 57 Cal.App.2d 66, 71 [134 P.2d 38]; *Pomper* v. *Behnke*, 97 Cal. App. 628, 636 [276 P. 122].) ▮ Additionally, Helmer Johnson testified that he relinquished his interest because he could not manage to make any further payments and that he agreed with Mrs. Southerland's representative to vacate and surrender the premises for that reason. This testimony was susceptible of the inference that Johnson was turning the property over to the vendor Lorene Southerland in order to obviate the necessity of incurring further payments and liability under the conditional sales agreement; and that this arrangement was agreeable to Mrs. Southerland. As provided in section 1605, and as noted in *Estate of Bray*, 230 Cal.App. 2d 136, 141 [40 Cal.Rptr. 750], ''Consideration may be either (1) a benefit conferred or agreed to be conferred upon the promisor or some other person; or (2) a detriment suffered or agreed to be suffered by the promisee or some other person.''

▮ ''The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it.'' (§ 1615; *Kennedy* v. *Lee, supra,*

147 Cal. 596, 603; *Blonder* v. *Gentile,* 149 Cal.App.2d 869, 874 [309 P.2d 147].) The presumptive evidence arising from the quitclaim deed presented a fact question whether the evidence was sufficient to overcome the presumption of sufficient consideration. (*Blonder* v. *Gentile, supra; Meyer* v. *Glenmoor Homes, Inc.,* 246 Cal.App.2d 242, 258-259 [54 Cal.Rptr. 786, 55 Cal. Rptr. 502].) It was for the trial court to decide whether the presumption was rebutted. The only evidence adduced, aside from the evidence that defendant did not join in the quitclaim deed and that she had no knowledge of it when it was executed, is Mr. Johnson's testimony as to the circumstances surrounding its execution. This testimony did not as a matter of law negative the presumption of consideration, but, as already pointed out, was susceptible of inferences supporting consideration.[6]

In view of the foregoing, the transfer of the community personal property by Johnson was valid in its entirety. The transfer of the community real property, however, was valid only as to Johnson's one-half interest. ▮ Since the record discloses that neither the conditional sales agreement nor the quitclaim deed had been recorded at the time defendant brought her cross-action to set aside the transfer by way of the quitclaim deed, the one-year statute of limitations provided for in section 172a is not applicable. (See *Waldeck* v. *Hedden,* 89 Cal. App. 485, 491 [265 P. 340].)[7]

In the light of the foregoing defendant was entitled to have the quitclaim deed set aside as to her one-half of the community real property. It is apparent, from the record and the briefs, however, that although defendant prayed in her cross-complaint that the quitclaim deed was void and of no effect, she is not claiming that she is entitled to the possession of the realty and the restoration of her title therein. Rather, she is claiming only the portion of the damages to which her interest is entitled as the excess of the payments made by the vendees over the damages caused by the breach. Defendant concedes that the vendees were in default and that plaintiffs were entitled to repossess the property under the conditional sales agreement but asserts, essentially, that the trial court em-

---

[6]The instant case was tried prior to the effective date (January 1, 1967) of the new Evidence Code. Therefore, the provisions of that code with respect to the effect of presumptions are not applicable to the instant case.

[7]In the instant case the quitclaim deed was executed on September 5, 1963; the cross-complaint by defendant was filed on December 3, 1964; and the amended cross-complaint seeking to avoid the quitclaim deed was filed on June 10, 1965.

ployed the wrong measure of damages. We observe, moreover, that the trial court found that the vendees were in default under the conditional sales agreement, concluded plaintiffs were entitled to a judgment quieting their title to the subject real and personal property, and adjudged that they were the owners and entitled to the possession of said property.

The trial court did not determine which portion of the excess payments in the sum of $865.20 attributed to the community property of the Johnsons was allocated to the personalty and which to the realty, but awarded Mrs. Johnson one-half of said sum. The trial court should have awarded her individually only one-half of the sum attributable to the community real property.[8] However, plaintiffs did not appeal from the award nor are they contending that an erroneous computation was made. Therefore, we see no necessity to disturb the award.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

[8]We note that in its Findings of Fact and Conclusions of Law the trial court determined Helmer O. Johnson waived and relinquished by virtue of the quitclaim deed any rights which he may have had to restitution of payments made on account of the conditional sales agreement.