RONALD J. COUEY and ELFRIEDE B. COUEY, husband
and wife, Plaintiffs

v.

HYUNDAI AMERICA CORPORATION AND FIRST
HAWAIIAN BANK, Defendants

Civil No. 697-74

Superior Court of Guam

June 22, 1976

RAKER, *Judge*

DECISION

*Statement of Facts*

On December 3, 1973, plaintiffs (buyers) entered into a
contract with Defendant Hyundai (seller) for defendant to

construct a house for plaintiffs (buyers). Plaintiffs made a $3,000.00 deposit, balance being $58,000.00. Section 27 of the contract contained standard terms providing that on default by the plaintiffs, defendant could retain the $3,000.00 deposit as liquidated damages. The contract expressly provides in Section 25 that the seller "makes no warranty of completion by any specified date." Section 24 of the contract provides that this contract states the entire agreement. Plaintiffs, relying on statements made by agents of defendant, expected to be able to move into the house in May or June of 1974. In fact, the house was not ready for occupancy until October 7, 1974, see Exhibit B to defendant's answer. Plaintiffs never signed papers for the house, and it apparently was sold by defendant for an unknown amount to another buyer on defendant's waiting list. Plaintiffs filed suit on October 18, 1974, alleging that defendant intentionally deceived plaintiffs to induce them to enter into the contract and that plaintiffs entered into the contract in reliance on said representations. Plaintiffs pray for return of $3,000.00 deposit and rescission of the contract. Depositions of plaintiffs were taken and defendant filed an answer denying fraud. Plaintiffs filed an opening brief. Defendant filed an answering brief to which plaintiff replied.

On June 27, 1975, the parties stipulated that matters in dispute be submitted to the court on the depositions and briefs of the parties.

I

*Fraud*

An analysis of the evidence before the court fails to establish plaintiffs' claim that fraud was committed by defendant which induced plaintiffs to enter into the contract. Given the difficulties faced by contractors on Guam in obtaining materials, tools, equipment and appli-

ances, Sections 24 and 25 of the contract, noted above, were reasonable. Any oral statements concerning completion date made by employees or agents of the defendant were in the nature of opinions or predictions and did not bind the defendant, particularly, in view of Sections 24 and 25 of the contract which the plaintiffs admitted they understood. See transcript of deposition of Elfriede B. Couey, page 19, and transcript of deposition of Ronald Couey, pages 13 and 14. In this connection, it should be noted that one of the plaintiffs had professional real estate experience. "The law presumes fair play, it does not presume fraud or mistake of fact. These are matters which must be established by the party claiming them." 12 Cal.Jur.2d, Contracts, Section 53, p. 253. This the plaintiffs have failed to do. Consequently, relief must be denied the plaintiffs on their allegation of fraud.

## II

### Penalty

Counsel for plaintiffs in his reply brief contends that he is entitled to return of the $3,000.00 deposit on the ground that such sum is a penalty rather than provision for liquidated damages and relies on Sections 1670 and 1671 of the Civil Code of Guam, although this ground for relief from penalty is not alleged in his complaint.

The plaintiffs are wilfully defaulting vendees. By a series of cases interpreting Sections 1670, 1671, 3275, 3307 and 3369 of the Civil Code of California, the Supreme Court of California has improved the position of a wilfully defaulting vendee so that a wilfully defaulting vendee can now recover his deposit from the seller if he proves that the seller's damages were less than the amount the seller retained. For a case directly in point see opinion of Justice Traynor in *Baffa v. Johnson*, 216 P.2d 13, 35 Cal.2d 36 (1950). The California Code sections, cited above, are the

same as the identically numbered sections in the Civil Code of Guam, therefore, we hold that *Baffa v. Johnson* is controlling and we follow its ruling. For discussion of rights of wilfully defaulting vendees and *Baffa v. Johnson,* see *The California Land Contract,* 48 Calif. L. Rev. 729 (1960); and *The Supreme Court of California* (1970–1971), 60 Calif. L. Rev. 705, 975 (1972).

As noted in the statement of facts, there was no evidence of the resale price of the property by the defendant nor was there any other evidence showing that the defendant's damages were less than the amount of plaintiffs' deposit, to wit: $3,000.00. Plaintiffs' claim for relief on the ground that the $3,000.00 deposit was a penalty must be denied.

Judgment will be entered for the defendant.