Henry MUNDERLOH, Plaintiff and Respondent,

v.

Oscar SEASTROM, Helen Seastrom, Bryce D. Nelson and Betty Nelson, Defendants and Third-Party Plaintiffs, Respondents,

v.

Sylvester M. SIMON and June M. Simon, Third-Party Defendants, Appellants.

No. 12640.

Supreme Court of South Dakota.

Argued April 24, 1979.

Decided July 18, 1979.

Rehearing Denied Aug. 23, 1979.

Robert W. Gunderson of Gunderson, Farrar, Aldrich, Warder, DeMersseman & Johnson, Rapid City, for plaintiff and respondent.

Julius F. Sieler of Sieler, Sieler & Trimble, Rapid City, for defendants and third-party plaintiffs, respondents.

Robert W. Hirsch and James T. Goetz, of Goetz, Hirsch, Haar & Klimisch, Yankton, for third-party defendants, appellants.

WOLLMAN, Chief Justice.

This is an appeal from a judgment entered by the trial court pursuant to a remand by this court in appeals # 11868 and # 11904. *Munderloh v. Seastrom,* 270 N.W.2d 377 (S.D.1978). The Simons appeal from the final judgment entered by the trial court, alleging that the trial court misconstrued this court's previous opinion in this matter and failed to carry out the mandate of the court. We reverse and remand.

A complete recitation of the facts in this complex litigation is set forth in our opinion in the earlier appeals. *Munderloh v. Seastrom,* supra. In summary, the Simons wished to trade their Potter County farm for a ranch in western South Dakota. Henry Munderloh was desirous of purchasing the Simons' farm. The Seastrom/Nelsons were interested in selling a ranch in the Black Hills of South Dakota for cash. The three parties were brought together by a real estate agent, and contracts intending to effect this three-way transaction were executed. The Seastrom/Nelsons received a $40,000 down payment from Munderloh and a $1,000 down payment from the Simons. On the day appointed for closing the transaction, the Simons refused to carry through with the agreement. The jury determined that the Simons had acted in bad faith and awarded damages in favor of the Seastrom/Nelsons against the Simons and in favor of Munderloh against the Simons. Among other things, the judgment awarded Munderloh damages against the Simons in the amount of $40,000, together with prejudgment interest, as well as damages for the difference between the contract price of the Potter County land and the value of the land on the date of breach.

We held that the effect of permitting the Seastrom/Nelsons to retain the $40,000 down payment received from Munderloh and the $1,000 from the Simons was to confuse the jury regarding the damages the Seastrom/Nelsons were entitled to recover from the Simons and remanded the case for further proceedings not inconsistent with the opinion, which of necessity would have included a determination of the damages properly recoverable by the Seastrom/Nelsons from the Simons.

Upon remand to the trial court, Munderloh and the Seastrom/Nelsons set out to interpret the remand of this court in the way most favorable to their respective positions. The method agreed upon was for the Seastrom/Nelsons to waive any damages due them from the Simons and thereby to preclude the trial court from reopening the judgment appealed to this court. This pro-

cedure was successful, and as a result the trial court entered a final judgment on remand requiring the Simons to restore the $40,000 down payment to Munderloh.

The cases cited by this court in the previous opinion indicate that there is no basis for retention of the down payment by the Seastrom/Nelsons. In *Allen v. Enomoto,* 228 Cal.App.2d 798, 39 Cal.Rptr. 815 (1964), the court said:

> Respondents have not attempted on this appeal to justify their retention of the deposit upon the ground of forfeiture or liquidated damages or upon the ground that such deposit constituted the consideration for the execution of the sale agreement. *Any such contention would be without merit.*

228 Cal.App.2d at 804–805, 39 Cal.Rptr. at 820 (emphasis supplied). In another California case cited in the previous opinion, the court said: "Even a wilfully defaulting vendee may recover the excess of his part payments over the damages caused by his breach." *Honey v. Henry's Franchise Leasing Corp. of America,* 64 Cal.2d 801, 52 Cal.Rptr. 18, 19, 415 P.2d 833, 834 (1966). The same observations are appropriate in the present case.

We conclude that we should have clearly stated in our earlier opinion that the trial court should have directed that the Seastrom/Nelsons be required to return to Munderloh the $40,000 down payment received from him and to the Simons the $1,000 down payment received from them. What was implicit in our discussion of the confusing effect on the jury that resulted from permitting the Seastrom/Nelsons to retain the $41,000 should have been clearly spelled out. Additionally, our reversal of the judgment in # 11868 should have been broadened to carry out the intent of our decision: that the Seastrom/Nelsons were not entitled to retain the $41,000 received by way of the down payments, and that Munderloh was not entitled to recover the $40,000

down payment by way of judgment in that amount against the Simons.

Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court with instructions to modify the judgment in # 11868 by striking that portion which purports to award Munderloh $40,000, plus interest, against the Simons, and to enter a judgment requiring the Seastrom/Nelsons to return the $40,000 down payment to Munderloh and the $1,000 down payment to the Simons, the latter refund to be offset against such damages, if any, that are determined to be proper in favor of the Seastrom/Nelsons against the Simons.*

All the Justices concur.

---

* The Simons contend that pursuant to SDCL 15–6–25(a) the trial court should have substituted a party for Oscar Seastrom, who died in November of 1977. We leave it to the trial court to take whatever action is necessary with respect to this matter in order to carry out the provisions of our remand.