[Civ. No. 4585. Fifth Dist. Dec. 17, 1980.]

CRECENCIANO GARCIA et al., Plaintiffs and Appellants, v.
ARAM ATMAJIAN, Defendant and Respondent.

COUNSEL

Gilbert D. Lopez for Plaintiffs and Appellants.

Staniford, Harris, Loomis & Home and W. Stuart Home for Defendant and Respondent.

OPINION

BROWN (G. A.), J.—Plaintiffs, Mr. and Mrs. Crecenciano Garcia (hereinafter Garcia), appeal from a bench judgment in favor of the defendant, Aram Atmajian, in this action to declare the rights of the respective parties, commenced by Garcia, with regard to a residential lot described as lot 11 of tract No. 1360, Sutherland Subdivision, in the County of Fresno.

Arnold De La Cruz and Jessica De La Cruz (hereinafter De La Cruz) had been the owners of secured lots including the lot in dispute. The defendant, Atmajian, acquired a note secured by a deed of trust on lot 11 and other lots dated July 27, 1955, recorded August 1, 1955, in the original amount of $5,700. On February 27, 1958, De La Cruz executed a second deed of trust on lot 11 and other lots to the defendant, Atmajian, to secure a note to Atmajian in the original sum of $2,600. This deed of trust was recorded on March 18, 1958. Both deeds of trust contained a provision that they stood as security for "[p]ayment of such additional sums, with interest thereon, as may be hereafter borrowed from the beneficiary by the then record owner or owners of said property when evidenced by another promissory note or notes."

Sometime in 1963 Garcia entered into an oral contract with De La Cruz to purchase lot 11 for $3,000, payable in monthly installments with interest. The evidence shows that the installment contract was paid

off on May 20, 1971. Though demanded by Garcia the defendant Atmajian refused to deliver a deed to the premises.

This action in declaratory relief was commenced by Garcia on June 12, 1974, naming as defendants Atmajian, De La Cruz and others. On August 1, 1974, De La Cruz quitclaimed their interest in the property to Garcia. Atmajian was the only remaining defendant at the time of trial.

The trial court found that all of the payments made by Garcia on the contract of sale were actually made to Atmajian. Garcia argues that the payments evidence an oral agreement made with Atmajian at the time of entering into the original contract to the effect that Atmajian would accept the payments from Garcia and apply them to pay off the debt owed by De La Cruz to Atmajian, and when the contract amount was totally paid the preexisting debt of De La Cruz would be satisfied and Atmajian would thereupon quitclaim his interest in lot 11 to Garcia. In the face of sharply conflicting testimony with regard to the existence of such an agreement the trial court found that no such agreement existed. We are bound by that finding.

The evidence showed that prior to and subsequent to the date of the oral contract of sale between De La Cruz and Garcia, Atmajian advanced additional sums to De La Cruz. The actual amount owed on the original $5,700 and $2,600 notes and the amounts represented by promissory notes that may have been advanced prior to the date of the contract of sale pursuant to the optional advance clauses in the deeds of trust do not clearly appear in the record nor do the number and amounts of the post-1963 loans. There were a number of post-1963 loans to De La Cruz by Atmajian for which promissory notes were executed, which were apparently made pursuant to the optional advance clause of the deeds of trust. Testimony in regard to the amount of the debts owed by De La Cruz to Atmajian at various points of time is confusing and contradictory.

The trial court found and decreed that Garcia's interest in lot 11 is subject to the lien of the deeds of trust for the total amount owed by De La Cruz and concluded that Garcia was entitled to no relief. We reverse because we have concluded that Garcia's interest in the property is subject to the prior deeds of trust only to the extent of the amount owing by De La Cruz to Atmajian as of the date of the con-

tract of sale, and because this is an action for declaratory relief he is entitled to a declaration of his rights.

At the outset Atmajian correctly conceded in this court that "If Garcia has a lien, Atmajian knows of it, and to the extent Garcia has such a lien, it is prior to any lien for optional advances claimed by Atmajian."[1] The authorities fully support the validity of this concession. (See 2 Miller & Starr, Current Law of Cal. Real Estate, § 11:118, pp. 152-153; *Sain* v. *Silvestre* (1978) 78 Cal.App.3d 461, 472 [144 Cal.Rptr. 478]; *Pike* v. *Tuttle* (1971) 18 Cal.App.3d 746, 751 [96 Cal.Rptr. 403]; *Atkinson* v. *Foote* (1919) 44 Cal.App. 149, 162 [186 P. 831].)

Atmajian argues that Garcia did not have a lien within the meaning of the above rule of priorities. We have concluded to the contrary. Civil Code section 1114 provides in pertinent part: "The term 'encumbrances' includes ... all liens upon real property." Civil Code section 2872 states in relevant part: "A lien is a charge imposed in some mode ... upon specific property by which it is made security for the performance of an act." Civil Code section 3050 states: "One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back, in case of a failure of consideration."

In *Montgomery* v. *Meyerstein* (1921) 186 Cal. 459, 464 [199 P. 800], the court held that the vendee's rights under a contract of sale are not limited to a situation where he rescinds because of a failure of consideration. At the same page the case also discusses the nature of the lien created by Civil Code section 3050 (*id.*, p. 464).

Several cases have recognized that a vendee's lien under Civil Code section 3050 may compete for priority with other types of encumbrances, including a mortgage. (*Keese* v. *Beardsley* (1923) 190 Cal. 465 [213 P. 500, 26 A.L.R. 1538]; *Lockie* v. *Cooperative Land Co.* (1929) 207 Cal. 624 [279 P. 428].)

In *MacFadden* v. *Walker* (1971) 5 Cal.3d 809, 816 [97 Cal.Rptr. 537, 488 P.2d 1535, 55 A.L.R.3d 1], the court observed: "Finally, we

---

[1] Atmajian is obviously referring to optional advances made subsequent to the date of the contract and not to advances made prior to the date of the oral contract.

note again, as we also did in the *Honey* case, Professor Hetland's persuasive arguments that installment land sale contracts should be treated as security devices substantially on a par with mortgages and deeds of trust, and that therefore 'the law governing those security devices should be adopted with appropriate modifications in determining the remedies for breaches of installment contracts.' (*Honey* v. *Henry's Franchise Leasing Corp., supra*, 64 Cal.2d 801, 804 [52 Cal.Rptr. 18, 415 P.2d 833]; see Hetland, Cal. Real Estate Secured Transactions [1970] *supra*, §§ 3.58-3.81, pp. 100-134.)"

Further, upon judicial recognition of the lien, it dates back to the time it was initially created, that is, in this case, to the date of the contract of sale. (*Hise* v. *Superior Court* (1943) 21 Cal.2d 614, 627 [134 P.2d 748].)

Accordingly, in the case at bench, we have no hesitancy in recognizing the vendee's lien to the extent of the amount he has paid on the contract plus any amount he is entitled to for having created improvements upon the property plus expenditures for taxes and insurance (Civ. Code, § 3050; *Montgomery* v. *Meyerstein, supra*, 186 Cal. 459, 465), effective as of the date of the contract of sale in 1963. From what has been said, the vendee's lien so created has priority over advances made subsequent to the date of the oral contract pursuant to the optional advances clause in the prior recorded deeds of trust. Advances represented by promissory notes made prior to the date of the contract of sale have priority over the vendee's lien.

In view of the above conclusions, we need not pass upon appellant's contention that the beneficiary under a preexisting deed of trust has the affirmative duty to notify a known installment buyer of the encumbered property of future advances made to the trustor/seller pursuant to a future advance clause in the underlying recorded deed of trust. In passing, however, we note that appellant cites no authority for this proposition and our independent research has revealed none.

Appellant also makes arguments regarding estoppel and refers to prior transactions between the parties regarding other lots. However, there is no testimony or documentary evidence in the record to support these arguments. Even assuming such prior transactions took place, however, that evidence would be insufficient for a Court of Appeal to find an estoppel as a matter of law.

The judgment is reversed and the cause is remanded to the trial court to conduct a limited new trial for the purpose of determining the amounts due upon the 1955 and 1958 deeds of trust as of the date of the contract of sale in 1963, including advances represented by promissory notes made prior to that date, to enter new findings of fact and conclusions of law and thereupon declare that Garcia is the owner of the property subject to the said deeds of trust in the amounts so determined. Upon payment of the amounts so determined Garcia is entitled to a decree quieting title to lot 11 of tract No. 1360, Sutherland Subdivision, in the County of Fresno, State of California.

Hopper, J., and Andreen, J., concurred.