[Civ. No. 48805. First Dist., Div. One. Nov. 28, 1980.]

Estate of GLENN D. PEZZOLA, Deceased.
CHERYL V. PEZZOLA, as Administratrix, etc.,
Petitioner and Respondent, v.
THOMAS PEZZOLA et al., Objectors and Appellants.

754

COUNSEL

O'Gara & McGuire, Donald F. Drummond and Nancy E. Perham for Objectors and Appellants.

Milton Berry Scott for Petitioner and Respondent.

OPINION

**RACANELLI, P. J.**—Section 640 of the Probate Code (to which all section references herein are made) authorizes setting aside a decedent's estate to the surviving spouse where "the net value of the whole estate" is no greater than $20,000.[1] The central issue on appeal is

---

[1]The statute provides as follows: "If the decedent leaves a surviving spouse or minor child or minor children, and the net value of the whole estate, over and above all liens and encumbrances at the date of death and over and above the value of any homestead interest set apart out of decedent's estate under Section 660 or Section 661 of this code, does not exceed the sum of twenty thousand dollars ($20,000), the same may be set aside to the surviving spouse, if there be one, and if there be none, then to the minor child or minor children of the decedent."

whether the decedent's community property interest, which passed to the surviving spouse without administration, must be included in computing the net value of the whole estate. Our analysis impels the conclusion that it must.

### Facts

Glenn D. Pezzola died intestate on June 30, 1978, without issue but survived by his wife, Cheryl, and his parents, Thomas and Arlene Pezzola. Thereafter, as the duly appointed administratrix of decedent's estate, Cheryl filed an inventory and appraisement listing community property assets (two beauty salons) valued at $28,000 and separate property assets (an unimproved lot and an automobile) with a gross value of $11,300.[2] On March 15, 1979, Cheryl sought confirmation of the community property without administration as provided by the community property statutory scheme. (§§ 201-202, 650 et seq.) On April 16, 1979, the court issued its order finding that the beauty salons constituted community property which passed or belonged to Cheryl as surviving spouse without administration, including confirmation of ownership of her community interest. (§§ 201-202, 655.) On April 26, 1979, Cheryl petitioned the court to set aside decedent's estate to her as surviving spouse alleging a net value of the whole estate, over and above tax liens and encumbrances, in the sum of $8,256. (§ 640 et seq.)[3] Decedent's parents, claiming a vested one-half interest in decedent's separate property under the applicable intestate succession statute (§ 223), objected on the grounds that the net estate, including community property interests, exceeded $20,000 and thus was not subject to summary distribution. On June 1, 1979, the court determined that the net value of the whole estate did not exceed $20,000, and ordered it set aside to Cheryl. Decedent's parents appeal challenging the validity of the set aside order.

### Contentions

Appellants contend that in arriving at the value of decedent's whole estate at the date of his death, all of decedent's property interests except those specifically exempted must be considered in determining whether the net estate qualifies for summary distribution. (See §§ 640,

---

[2]The inheritance tax referee's "no tax due" certificate disclosed that Cheryl received joint tenancy assets and life insurance benefits not subject to administration having a total value in excess of $147,000.

[3]The petition included allegations referring to the earlier order entered pursuant to section 650.

647.) Since decedent's community property interest involved neither an excluded joint tenancy interest nor "other estate terminable upon his death" (§ 647), the net value of the whole estate exceeded the statutory limit upon summary distribution. Thus, it is argued, decedent's separate estate must be regularly administered in probate subject to the intestate succession statutes. Respondent counters that since the community interest passed to her as surviving spouse without administration under the relevant statutes, the value of such interest is expressly excluded as a terminated life interest.

*Analysis*

■ From inception, the purpose of the special statutory provisions was to insure the support of the dependent surviving spouse or minor children when the breadwinner was taken by death leaving but a small estate. (*Estate of Miller* (1910) 158 Cal. 420, 421-422 [111 P. 255]; *Soares v. Steidtmann* (1955) 130 Cal.App.2d 401, 403-404 [278 P.2d 953].) Such established right to have a small estate set aside under section 640 (and its precedessor statute) effectively forecloses the rights of a third person to inherit or otherwise receive a part of that estate by testamentary devise ·or bequest. (*Estate of Miller, supra*, at pp. 421-422; *McMillan v. Boese* (1941) 45 Cal.App.2d 764, 765 [115 P.2d 37]; 1 Cal. Decedent Estate Administration (Cont.Ed.Bar 1971) § 3.25, p. 129.) While the limitation on value has been the subject of frequent amendment (see history of amendments, Deering's Ann. Prob. Code (1974 ed.) § 640, pp. 434-435), the nature or description of the assignable estate has remained virtually unchanged.

■ The term "estate" is generally used to describe the total assets of a decedent. (*Estate of O'Gorman* (1911) 161 Cal. 654, 658 [120 P.33]; *Security-First Nat. Bank v. Stack* (1939) 32 Cal.App.2d 586, 593 [90 P.2d 337].) It is a generic term inextricably bound up with the concept of property which has been interpreted to mean "'property' or '[t]he degree, quality, nature and extent of one's interest in or ownership of property, real or personal.'" (*Estate of Glassford* (1952) 114 Cal. App.2d 181, 189 [249 P.2d 908, 34 A.L.R.2d 1259]; see Black's Law Dict. (rev. 4th ed. 1968) p. 643 for collected cases containing essentially similar legal definitions.) ■ For the purpose of summary distribution, the Legislature—consistent with the generally accepted definition of the comprehensive term—limited exclusion to decedent's interests as a "joint tenant, or in which he had a life or other estate terminable

upon his death,..." (§ 647; see *Estate of Hobart* (1947) 82 Cal.App.2d 502, 507 [187 P.2d 105] [surviving joint tenant takes by virtue of instrument, not by descent]; *Lowe* v. *Ruhlman* (1945) 67 Cal.App.2d 828, 834 [155 P.2d 671] [life estate terminates upon the death of life tenant]; *Estate of Welfer* (1952) 110 Cal.App.2d 262, 265 [242 P.2d 655] [life insurance beneficiary takes by reason of contract, not by inheritance].) As the record herein reflects, the joint tenancy properties and life insurance proceeds were properly excluded in computing the value of the whole estate. The pivotal issue is whether decedent's one-half interest in the community property should likewise be excluded as an estate terminable upon death. We think not.

■  Under existing community property principles, upon the death of a spouse "one-half of the community property belongs to the surviving spouse,..." (§ 201) and goes to such spouse by virtue of a preexisting statutory right. (*Estate of Piatt* (1947) 81 Cal.App.2d 348, 350 [183 P.2d 919].) The other half interest belongs to and constitutes a part of decedent's estate and, in the absence of testamentary disposition, passes or "goes to the surviving spouse" by right of succession. (§ 201; *Fryer* v. *Kaiser Foundation Health Plan* (1963) 221 Cal.App.2d 674, 678-679 [34 Cal.Rptr. 688]; see also 24 Cal.Jur.3d, Decedents' Estates, Community Property, § 16, pp. 52-53.)  ■  Contrary to Cheryl's assertion, decedent's one-half interest was neither terminated nor extinguished upon his death; consequently, the value of such interest was includable for purposes of determining the whole estate.

Nor do the recently enacted community property confirmation provisions (§ 650 et seq.) compel a contrary conclusion. The purpose of that law was simply to facilitate the transfer of community property interests to the surviving spouse where the decedent died intestate, as here, or willed a community property interest outright to the surviving spouse. (See 1 Cal. Decedent Estate Administration (Cont.Ed.Bar Supp. 1979) § 3.32, p. 44.)[4]

---

[4]The net effect of the interpretation urged by Cheryl would sanction both illogical and unjust results. First, since the surviving spouse may elect to have the community property interests administered (see § 202, subds. (b), (c)), a wholly different estate value ensues solely by reason of such procedural election. Secondly, a decedent's intent to provide modest bequests from a small separate property estate could be totally defeated notwithstanding that the surviving spouse might otherwise receive substantial community property interests through the same instrument. Such an extraordinary result finds no support within the legislative purpose expressly designed to simplify and expedite the confirmation, determination and transfer of community property interests upon the death of a spouse. (See Kahn & Frimmer, *California Probate of Community*

That decedent's community property interest was intended to be included within the definition of "whole estate" becomes even clearer in light of the related statutory requirements that the petition for summary distribution contain a description of "all of the decedent's property" (§ 641), together with the filing of "an inventory and appraisement of the decedent's estate" (§ 644) which inventory must disclose "what portion of the property is community property, and what portion is separate property of the decedent." (§ 601.)

In conclusion, we hold that in determining the net value of the whole estate within the meaning of section 640, decedent's interests in both separate and community property must be included. Since the community interest increment of value results in a net value (over and above all liens and encumbrances at the date of death) in excess of $20,000, the summary distribution provisions do not apply. The order granting the petition to set aside decedent's estate is reversed.

Elkington, J., and Newsom, J., concurred.

*Property: The Final Picture Emerges* (1975) 50 State Bar J. 260.) Nothing in the Confirmation of Community Property Act or small estate set-aside law compels the tenuous construction argued by Cheryl in favor of the generally accepted definition of estate as used in section 640.