Filed 11/30/22  Gaines v. Longwood 18 CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| Estate of FANNIE MARIE GAINES, Deceased. | B311210 |
| _____ MILTON H. GAINES, as Administrator, etc., | Los Angeles County Super. Ct. No. BP121586 |
| Petitioner and Respondent, | |
| v. | |
| LONGWOOD 18, LLC, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Ana Maria Luna, Judge.  Reversed.

The Ryan Firm, Timothy M. Ryan, Andrew J. Mase, Elle M. Reed and Logan W. Hensley for Objector and Appellant.

Ivie McNeill Wyatt Purcell & Diggs and Lilia E. Duchrow for Petitioner and Respondent.

_____

**SUMMARY**

The probate court issued an order permitting the sale of real property without first finding the property was an asset of the probate estate, and in the face of claims by an objector, who held a recorded quitclaim deed to the property, that the objector owned the property. Because the probate court had no power to order the sale of property that was not an estate asset, we reverse the court's order authorizing the sale.

**FACTS**

## 1.    The Background

The probate proceedings in this case began in 2010. Other civil litigation concerning the real property that is the subject of the probate court's order began in 2006 and continues today. We recite the undisputed background facts, some of them taken directly from a previous opinion in the civil litigation. (*Gaines v. Lehman Bros. Holdings, Inc.* (Jan. 29, 2020, B292497) 2020 Cal.App.Unpub.Lexis 660 (*Gaines I*).)

In 2006, homeowners Fannie Marie and Milton Gaines fell behind on mortgage payments on their duplex on Longwood Avenue (the Longwood property) and went into foreclosure. They sought help from Countrywide Home Loans, their lender. A Countrywide employee lied to them that Countrywide could not refinance their loan, and then referred them to her fiancé Joshua Tornberg for help. Tornberg and others deceived Fannie and Milton into transferring title to their property to Tornberg in a leaseback scenario Tornberg never intended to honor. Tornberg took out a loan against the property that was eventually held by Lehman Brothers Holdings, Inc. (Lehman).

Milton died, and Fannie filed a lawsuit against those involved in the transaction, alleging causes of action for fraud,

cancellation of the deed to Tornberg, quiet title, and others. Counsel recorded notices of lis pendens as to the Longwood property in 2006 and 2007. After years of procedural wrangling, during which Fannie died and her son Milton Howard Gaines (Gaines or petitioner) stepped in as plaintiff, in 2012 Tornberg and other defendants were dismissed for Gaines's failure to bring the case to trial within five years. That ruling was upheld by the Supreme Court in 2016. (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081.) Because Lehman was added to the suit later than the dismissed defendants, Lehman remained the sole defendant.

After a bench trial in June 2017, the trial court entered judgment on July 9, 2018, quieting title to the Longwood property in Gaines's favor, cancelling the warranty deed from Fannie and Milton to Tornberg, and cancelling Lehman's deed of trust against the property.

Lehman appealed, contending (among other things) the trial court improperly adjudicated Tornberg's title to the property even though he was no longer a defendant. This court found no error on that ground. We explained that, as a nonparty, "Tornberg could not be *bound* by the judgment as to the validity of his title, but the court could still make findings as to Tornberg's title in order to adjudicate the validity of Lehman's title." (*Gaines I, supra,* 2020 Cal.App.Unpub.Lexis 660, p. *10.) We observed that, as the trial court correctly understood, Gaines might be exposed to a future quiet title action by Tornberg because Tornberg was not bound by the judgment quieting title in Gaines's favor. (*Id.* at p. *13.) We also concluded the court sitting in equity should have required Gaines to pay back benefits

3

Fannie and Milton received from the Tornberg transaction. (*Id.* at p. *27.)

Consequently, in *Gaines I* we conditionally affirmed the judgment quieting title for Gaines and canceling the warranty deed and Lehman's deed of trust, but modified it to add this condition: Gaines must repay the benefits received by Fannie and Milton between a minimum of $567,955.96, representing the amount used to pay off the delinquent Countrywide loan, and $854,647.93, the full amount of the benefits Fannie and Milton received in the Tornberg transaction, with the amount to be determined by the trial court. We further modified the judgment to provide if Gaines failed to satisfy the condition of paying the amount ordered by the trial court, the trial court must enter judgment for Lehman.

On September 16, 2020, the trial court entered the second amended judgment. That judgment modified the July 2018 judgment as we directed, adding the condition that Gaines repay to Lehman $567,955.96 within 180 days from entry of judgment, failing which the court would enter judgment for Lehman. Thus Gaines's deadline for repayment was March 15, 2021.

## 2. The Probate Proceedings

After Fannie died in 2009, Gaines was appointed administrator of her probate estate.

In October 2020, Gaines filed a petition seeking an order confirming sale of the Longwood property to EWA Holdings LLC for $1,070,000. Gaines wanted to sell the Longwood property to generate the funds to make the $567,955.96 payment to Lehman required by the second amended judgment. The matter had been set for a date shortly before Gaines's payment was due, so Gaines sought to advance the hearing date.

4

Lehman filed a "limited response" telling the court that, because Tornberg was not bound by the judgment and had transferred the property to Longwood 18, LLC (Longwood 18 or objector) by a deed recorded June 20, 2017, Longwood 18, not Gaines, "remains the record owner of the property."

Several probate hearings ensued. On December 14, 2020, the court found additional evidence was required before it could grant Gaines's petition, and required written objections by December 31, 2020. Lehman and Longwood 18 filed objections, contending the petition misrepresented the condition of title to the property and that granting the petition would allow the estate "to sell something it does not own." Longwood 18 asked for judicial notice of several documents, including its quitclaim deed from Tornberg dated July 13, 2016, and recorded June 20, 2017.

Gaines's response included a recitation of the findings in the second amended judgment to the effect that the 2006 warranty deed to Tornberg was void and unenforceable; that Tornberg never obtained a lawful interest in the Longwood property as a consequence of the fraudulent 2006 sale transaction; that Lehman was not a bona fide encumbrancer, and so on.

A short hearing on January 13, 2021, was continued to February 17, 2021. At the February 17, 2021 hearing, the probate court took judicial notice of the second amended judgment and this court's opinion in *Gaines I*; overruled the Lehman and Longwood 18 objections; found sufficient evidence was provided to grant Gaines's petition; and confirmed the sale in the amount of $1,070,000. The probate court ordered Gaines's counsel to prepare an order confirming the sale.

The following day, Longwood 18 filed a notice of appeal of the probate court's February 17, 2021 order.

## 3.     Events After the February 17, 2021 Hearing

Counsel for Gaines prepared a proposed order confirming sale of the property and on March 1, 2021, filed an ex parte application to shorten time for hearing on the proposed order, and on two other requested orders:  an order instructing Gaines to complete the sale, and an order directing Gaines, under Probate Code section 1310, subdivision (b), to complete the sale "notwithstanding any appeal that is or may be taken of the Order confirming sale of the [Longwood] property and instructing [Gaines] with respect to the sale."[1]

The court set a hearing for March 9, 2021, indicating its intent to grant the request to sign the proposed order confirming the sale "as this will likely be necessary for the appeal to be perfected."

At the March 9, 2021 hearing, the court confirmed the sale, and executed and entered an order to that effect.  The court continued the hearing to March 19, 2021, and allowed briefing, to consider Gaines's other requests.  After the March 19, 2021

---

[1]     "Section 1310, subdivision (b) allows a probate court to 'direct the exercise of the powers of the fiduciary' for the purpose of 'preventing injury or loss to a person or property' while an appeal is pending." (*East Bay Regional Park Dist. v. Griffin* (2016) 2 Cal.App.5th 734, 741, quoting Prob. Code, § 1310, subd. (b).)  "All acts of the fiduciary pursuant to the directions of the court made under this subdivision are valid, irrespective of the result of the appeal.  An appeal of the directions made by the court under this subdivision shall not stay these directions." (§ 1310, subd. (b).)

hearing, the court overruled objections by Lehman and by Longwood 18 and entered the requested orders, directing Gaines pursuant to Probate Code section 1310, subdivision (b), to complete the sale "as provided in the Court's order confirming the sale notwithstanding any appeal that has been, or may be, taken of the order confirming sale of the subject property."

Meanwhile, in the civil litigation, the court extended the deadline set in the second amended judgment for Gaines's repayment to Lehman. We grant Longwood 18's request for judicial notice of the fourth amended judgment, entered May 24, 2021, and of Lehman's notice of appeal from that judgment.[2]

The fourth amended judgment modified the judgment to extend Gaines's deadline for repayment until two months after resolution of a quiet title action Longwood 18 filed on March 17, 2021. The judgment states the trial court found "the quiet title action is precluding the completion of the sale of the property" that was ordered by the probate court on March 19, 2021. The judgment further states that during the pendency of the Longwood 18 quiet title action, the court would retain jurisdiction to make further orders regarding the deadline for Gaines's payment "as fairness and equity may dictate."

---

[2]     The fourth amended judgment shows that the second amended judgment had previously been modified to extend the time for repayment to May 26, 2021.

7

## DISCUSSION

Longwood 18 contends the probate court exceeded its authority by ordering the sale of property when the estate did not and could not establish its ownership of the property. We agree. Our conclusion flows from several pertinent principles.

First, it is not open to dispute that "[t]he power of the probate court extends only to the property of the decedent." (*Estate of Lee* (1981) 124 Cal.App.3d 687, 692.)

Second, Longwood 18 holds a quitclaim deed to the property, recorded on June 20, 2017. The deed shows Tornberg transferred the property to Longwood 18 on July 13, 2016.

Third, Tornberg was not a party to the civil action quieting title to the property in Gaines. As we said in *Gaines I*, "[a]s a non-party, Tornberg could not be bound by the judgment as to the validity of his title . . . ." (*Gaines I, supra,* 2020 Cal.App.Unpub.Lexis 600, p. *10, italics omitted.) Consequently, he was free to transfer his interest in the property to Longwood 18, as he did.

Fourth, the judgment we affirmed in *Gaines I*, quieting title in Gaines's favor so far as Lehman's security interest was concerned, was expressly conditioned on Gaines's repayment of benefits he received in the fraudulent Tornberg transaction. Failing that repayment, our disposition directed that "judgment must be entered for Lehman." (*Gaines I, supra,* 2020 Cal.App.Unpub.Lexis 660, p. *31.)

Gaines has not made the necessary repayment. Until the repayment is made, the trial court's equitable findings in Gaines's favor in the second amended judgment (and the amended judgments thereafter) are a nullity. Gaines must do

8

equity (repay the benefits he received) in order to receive equity (title to the Longwood property).

These points lead to only one conclusion: Gaines (the estate) does not presently have title to the property. That necessarily means the probate court does not have the authority to order the sale of the property. (*Estate of Lee, supra,* 124 Cal.App.3d at p. 692.)

Accordingly, we follow the law when we hold the probate court had no authority to order a sale of property to which the estate does not hold title. At this time, the title holder of record is Longwood 18.

Nor do we view our holding as inequitable. As we observed in *Gaines I,* Gaines's parents received $854,647.93 in benefits in the Tornberg transaction. (*Gaines I, supra,* 2020 Cal.App.Unpub.Lexis 660, p. *27.) That included (in addition to the $567,955.96 the trial court on remand ordered Gaines to repay by March 15, 2021) $4,221.65 in real estate taxes; $279,930.32 paid to Gaines's parents in cash; and $2,500 in funds advanced to Gaines's parents during escrow.[3] (*Id.* at p. *26.) And, according to the trial court's statement of decision in the *Gaines I* case, Lehman noted that " '[Gaines] and his parents, prior to the death of his parents, lived in the Longwood property for more than ten years without making mortgage payments, prior to the time the disputed loan was paid off by Lehman's assignor.' " (*Id.* at p. *22.) These benefits do not wipe out the damage done by the fraud, but they put the equities in a different light. And in that light, we will not affirm an order for sale of property that is not now property of the estate.

---

[3]     There appears to be a $40 discrepancy in the addition of these amounts.

In his respondent's brief, petitioner states, without discussion of relevant authority, that the Longwood property is property of the estate. For this he cites only the second amended judgment and our opinion in *Gaines I*. But as we have shown, the judgment quieting title in petitioner was expressly conditioned on his return of the benefits his parents received, and Longwood 18 remains the record title owner. As a matter of law, the estate does not now have title to the property, and the probate court therefore had no authority to order it sold.

## DISPOSITION

The order is reversed. The cause is remanded to the probate court with instructions to vacate its order and to enter a new order denying Gaines's petition for an order confirming sale of the Longwood property. Longwood 18 shall recover its costs on appeal.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



WILEY, J.

10