Filed 1/30/25  Quijano v. Cayton CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| EDUARDO QUIJANO, | B332750 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. 21STCV05410) |
| MARLO and MICHELLE CAYTON, | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

The Bucklin Law Firm and Stephen Loomis Bucklin for Plaintiff and Appellant.

Lageroff, Matthew J. Pero and Robert A. Bailey for Defendants and Respondents.

## INTRODUCTION

Following the death of his spouse, Eduardo Quijano (Quijano) filed a civil action to recover alleged community property that his spouse gifted or devised to her children without his consent. Decedent's daughters from a previous marriage were the only defendants named in Quijano's action. The trial court granted summary judgment to the daughters, concluding that under Probate Code section 17000[1] it did not have jurisdiction over the case because Quijano's claims concerned the internal affairs of decedent's trust. As Quijano has not established any error by the trial court, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I. *Parties*

Quijano and Elma Cayton (Elma[2] or decedent) were married from 1998 until Elma's death on December 27, 2020. Elma had two daughters from another marriage, Marlo and Michelle Cayton (the Caytons).

II. *Quijano's Complaint*

Shortly after Elma died, Quijano filed a civil complaint against the Caytons. Quijano's complaint alleged that he holds a community property interest in decedent's estate, particularly in a convalescent hospital, residential care facility, and other real and personal property owned by decedent. Quijano alleged that decedent improperly gifted, devised, or otherwise transferred this community property to the Caytons without his

---

[1] All further statutory references are to the Probate Code unless otherwise stated.

[2] As this case involved multiple members of the Cayton family, we refer to Elma Cayton by first name only for clarity. No disrespect is intended.

consent, along with gifts of cash taken from community funds. These allegations underpin each of the 14 causes of action asserted against the Caytons.

III.    *Motion for Summary Judgment or Adjudication*

On February 9, 2023, the Caytons filed a motion for summary judgment or, alternatively, summary adjudication. The Caytons argued they were entitled to summary judgment on Quijano's entire complaint because the trial court lacked subject matter jurisdiction over the dispute. They attached a copy of decedent's will showing she transferred all her property and assets to her trust, including her interest in any real or personal property. They argued Quijano's action challenged decedent's ability to transfer the disputed assets to her daughters through her trust and therefore implicated the internal affairs of decedent's trust. The Caytons claimed Probate Code section 17000 gave the probate department the exclusive jurisdiction to hear disputes concerning the internal affairs of a trust. In addition to the text of the statute itself, the Caytons relied on *Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419 (*Saks*) in support of their argument.[3]

Quijano opposed the motion. Quijano's opposition did not address section 17000 or *Saks*. Instead, Quijano argued that the trial court had jurisdiction over the case because disputes regarding a spouse's abuse of their partner's community property interests are generally dealt with in civil cases,

---

[3]    In *Saks*, our colleagues in the First District affirmed the trial court's entry of judgment against the plaintiffs, concluding plaintiffs "improperly filed their claims . . . in a civil lawsuit rather than through a verified petition in the probate department, which has exclusive subject matter jurisdiction over the Trust and proceedings concerning its internal affairs." (*Saks, supra,* 7 Cal.App.4th at p. 430.)

not probate actions. Quijano also filed a declaration with his opposition. His declaration acknowledged that decedent's trust and will "allocate[d] most of the trust estate" to the Caytons. He also asserted that he was only seeking to recover his "share of our community property" and was "not claiming any interest under Elma's Will or her Trust." The remainder of Quijano's opposition addressed the alternative requests for summary adjudication. Quijano also raised objections to evidence presented by the Caytons.

In their reply, the Caytons again argued the trial court lacked jurisdiction to hear the case under section 17000. The Caytons also filed objections to Quijano's evidence.

On April 26, 2023, the trial court issued an order noting that the parties had cumulatively asserted 60 evidentiary objections in connection with the summary judgment motion. The order directed the parties to meet and confer to resolve and eliminate as many objections as possible and to file a joint statement reporting on their efforts. As directed by the court, the parties filed a joint statement on May 3, 2023, that identified the objections remaining for the court's determination. The joint statement indicated that only five evidentiary objections remained in dispute, all of which were asserted by the Caytons.

On July 24, 2023, the trial court heard argument on the Caytons' motion. On July 27, 2023, the court issued an order granting summary judgment for the Caytons. The court examined Quijano's causes of action and determined they attacked decedent's conveyance of alleged community property assets to the Caytons without his knowledge or consent. The court found the disputed transfer was done through decedent's will, which transferred her assets to her trust, which in turn allocated the assets to the Caytons. Therefore, the court reasoned, Quijano's claims all concerned the

4

internal affairs of decedent's trust.  The court, citing *Saks*, determined section 17000 gave the probate department exclusive jurisdiction over Quijano's claims.

The trial court noted Quijano did "not address Probate Code section 17000 or the other authority cited" by the Caytons on the question of jurisdiction.  The court stated the cases Quijano relied on did not concern section 17000 and were therefore irrelevant to the question of whether section 17000 deprived the trial court of jurisdiction to hear the case.  It concluded Quijano failed to establish a triable issue of material fact regarding the trial court's jurisdiction to hear his case.  The court, therefore, granted summary judgment for the Caytons.

On August 24, 2023, the court entered judgment in favor of the Caytons.  Quijano timely appealed.

## DISCUSSION

I.    *Legal Standards*

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)  A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense.  (*Id.*, subd. (p)(2).)  If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact.  (*Ibid.*)  A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment.  [Citation.]" (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636–637.)

5

"We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

II.     *Quijano Does Not Establish Error by the Trial Court*

Quijano raises two arguments on appeal. First, he argues that a surviving spouse who wishes to challenge a deceased spouse's testamentary disposition of property has two options: (1) file a probate action under section 13650, or (2) bring a separate civil action against the decedent's estate.[4] Even assuming this is a correct statement of the law, it is unclear why Quijano believes this argument is helpful to his cause. As the Caytons point out, Quijano did not pursue either of these options below. Instead of filing a civil action against decedent's estate, he filed a civil action against the Caytons. Quijano did not file a reply on appeal, and we are left without any explanation as to how the trial court had jurisdiction to hear his case if he did not follow either of the procedures identified in his opening brief. If anything, Quijano's argument is a concession that he did not bring his claim in the proper forum or against the correct defendants. Far from establishing error,

---

[4]     At oral argument, Quijano argued that *Estate of Scott* (1987) 197 Cal.App.3d 913 is directly on point and permitted him to bring a civil action against third parties, such as the Caytons, rather than against decedent's estate. *Estate of Scott* is readily distinguishable as it did not involve a trust. Accordingly, it did not implicate the internal affairs of a trust or the application of section 17000. As such, *Estate of Scott* has no bearing on whether section 17000 deprived the trial court of jurisdiction to hear Quijano's claims in this case. (See *People v. Harris* (1989) 47 Cal.3d 1047, 1071 [cases do not stand for propositions not considered].)

6

Quijano's argument supports the trial court's conclusion that it lacked jurisdiction to hear his case.

Quijano's second argument does not fare any better. He claims the trial court made "a series of rulings that were unsupported by the evidence." Specifically, he challenges the trial court's conclusion that decedent transferred all her assets to her trust. Quijano argues that the evidence did not show that decedent transferred her "assets" to the trust and instead only showed that decedent gifted her "estate" to the trust. Quijano claims "The words 'assets' and 'estate' are not synonymous" and thus "the judgment should be reversed." Quijano offers no authority for these assertions. "'When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].'" (*In re A.C.* (2017) 13 Cal.App.5th 661, 672.) An argument will also be deemed forfeited if it "is supported by only an opinion or argument of appellant's counsel without 'citation to any recognized legal authority,' . . . . [Citations.]" (*Ibid.*; accord *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070.) As Quijano has not developed this claim through reasoned argument with citation to legal authorities, we deem it forfeited.[5]

Quijano also claims he raised multiple objections to the will the court relied on to establish that decedent's estate was transferred to her trust. While Quijano initially objected to this evidence, the parties subsequently

---

[5] Quijano's argument would also fail on its merits. "According to federal law, the term "'estate,'" with respect to a deceased individual, includes '(A) . . . all real and personal property and other assets included within the individual's estate.'" (*Riverside County Public Guardian v. Snukst* (2022) 73 Cal.App.5th 753, 760.) California utilizes the federal definition of "estate." (*Ibid.*) Contrary to Quijano's claim, the transfer of decedent's estate necessarily included her assets.

filed a joint statement withdrawing all evidentiary objections except for five specifically enumerated objections raised by the Caytons. As Quijano withdrew all of his evidentiary objections before the court ruled on them, he has waived those objections on appeal. (Code Civ. Proc., § 437c, subd. (b)(5) ["Evidentiary objections not made at the [summary judgment] hearing shall be deemed waived"]; Code Civ. Proc., § 437c, subd. (d) [objections to affidavits or declarations that are not made at the summary judgment hearing "shall be deemed waived"]; *Collin v. CalPortland Co.* (2014) 228 Cal.App.4th 582, 599, fn. 5 [objections to documentary evidence are forfeited if not raised in summary judgment papers or at the hearing]; *People v. Jones* (2003) 29 Cal.4th 1229, 1255 [defendant waived any challenge to evidence on appeal by withdrawing evidentiary objections].)

Quijano does not contend the trial court erred in interpreting section 17000 or raise any other claims of error below. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) As Quijano has not carried his burden to identify any error in the trial court's ruling, we affirm the judgment entered for the Caytons.

//

//

//

//

8

## DISPOSITION

The judgment is affirmed.  The Caytons are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


COLLINS, J.